UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARVIN H. KING,
Plaintiff,
v.
DEXCOM, INC.,
Defendant.

Case No.: 25-cv-02563-TWR-JLB

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE JILL L. BURKHARDT**

**[ECF No. 107]**

Pending before the Court is Plaintiff Marvin King's ("Plaintiff") Amended Motion for Recusal of Magistrate Judge Jill L. Burkhardt. (ECF No. 107.) For the reasons set forth below, Plaintiff's Motion for Recusal is **DENIED.**

## I. BACKGROUND

On September 26, 2025, Plaintiff, proceeding *pro se*, commenced this action against Defendant Dexcom, Inc. ("Defendant"). (ECF No. 1.) On October 16, 2025, Plaintiff filed a First Amended Complaint ("FAC") (ECF No. 11), and on December 1, 2025, Plaintiff filed a Second Amended Complaint ("SAC") (ECF No. 42). The SAC alleges four causes of action of employment discrimination pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., the ADEA, 29 U.S.C. § 621, et seq., and the California Fair

Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940 et seq. Plaintiff alleges that he applied for the position of Customer Account Support Specialist with Defendant but that he was not hired because of his race (African American) and age (over 40). (*Id*. at ¶¶ 7, 21–24.) On December 15, 2025, Defendant filed its answer to the SAC. (ECF No. 48.) Discovery commenced on January 21, 2026. (ECF No. 50.)

On June 16, 2026, the Parties filed a Joint Notice of Settlement. (ECF No. 98.) However, on June 22, 2026, Plaintiff revoked the settlement agreement. (ECF No. 103 at 1.) Defendant filed a Notice of Revocation of Settlement with the Court on June 24, 2026 (ECF No. 102), and Plaintiff did same on June 25, 2026 (ECF No. 103).

Prior to reaching a settlement, the Parties had multiple discovery-related motions pending before the Court, namely (1) Defendant's Motion to Compel Plaintiff's Responses to Defendant's Interrogatories (ECF No. 73); (2) Defendant's Motion to Compel Plaintiff's Responses to Defendant's Requests for Productions (ECF No. 74); (3) Plaintiff's Motion for Sanctions (ECF Nos. 68, 69); (4) Plaintiff's Motion to Compel (ECF Nos. 75, 76); and (5) Plaintiff's Motion for Prompt Resolution (ECF No. 90). Pursuant to Section V of Judge Burkhardt's Civil Chambers Rules, Defendant had also lodged a Discovery Statement with the Court, and an informal Discovery Conference had been set for June 18, 2026. (ECF No. 95.) However, the Court vacated the Discovery Conference after receiving the Parties' Joint Notice of Settlement. (ECF No. 99.)

On June 26, 2026, Plaintiff filed a Motion for Recusal of Magistrate Judge Jill L. Burkhardt. (ECF No. 106.) On June 27, 2026, Plaintiff filed the instant Supplemental Motion for Recusal that Plaintiff states "supersedes Plaintiff's original motion for recusal." (ECF No. 107 at 1.) [1]

///

///

---

[1] In light of Plaintiff's statement regarding his consecutive filings, the Court **DENIES** as **MOOT** the Motion filed on June 26, 2026. (ECF No. 106.)

## II. PLAINTIFF'S ARGUMENT

Plaintiff seeks recusal pursuant to 28 U.S.C. § 455. (*Id.*) Plaintiff asserts that the following grounds provide reason to question the Court's impartiality:

> (1) [A] factual finding in a written order attributing to Plaintiff a statement he never made, which the Court then used as the basis to restrict Plaintiff's litigation rights; (2) a documented pattern of disparate treatment in which Plaintiff's fully briefed motions have remained unruled [sic] for 67 to 78 days while Defendant's requests receive rulings within 48 hours; and (3) the Court's decision, upon resuming litigation after settlement revocation, to bypass all pre-settlement pending motions and instead schedule a conference addressing only Defendant's post-settlement discovery statement.

*Id.*

Plaintiff argues that while "[n]o single item alone compels recusal . . . the cumulative record creates an appearance of partiality under § 455(a) that a well-informed observer would find difficult to explain on neutral grounds." (*Id.* at 5.)

In support of Plaintiff's first allegation, Plaintiff contends that in the Court's Order Granting Defendant's *ex parte* Motion for Protective Order (ECF No. 64), the Court erroneously stated that Plaintiff "indicated that he will use AI to assist him in this case." (ECF No. 107 at 2–3.) Plaintiff claims that he made no such representation "in ECF No. 51." (*Id.* at 2–3.) Plaintiff further claims that he was prejudiced by the Court's error because the Court relied on the representation to restrict "Plaintiff's use of AI tools throughout this litigation." (*Id* at 3.)

In support of both Plaintiff's second and third allegations, Plaintiff references three motions which he contends have been "left unruled for months." (*Id.*) Specifically, Plaintiff references his Motion for Sanctions (ECF No. 68), his Motion to Compel (ECF No. 75), and his Motion for Prompt Resolution (ECF No. 90). Plaintiff also references two of Defendant's motions on which the Court has ruled within days: Defendant's *ex parte* Motion to Amend Scheduling Order (ECF No. 97) and Defendant's *ex parte* Motion for Protective Order (ECF No. 64). Plaintiff contends that there is a "contrast between months-long delays on Plaintiff's fully briefed motions and near-immediate rulings on Defendant's

requests [which] contributes to an appearance of partiality." (ECF No. 107 at 3.) Plaintiff specifically notes that the issue of the non-appearance of deposition witness Matt Hill that Plaintiff raised in multiple filings had not been ruled on. (*Id*. at 3–4.) Plaintiff argues that the Court should have addressed all pending matters "in the order they were filed and fully briefed" before considering Defendant's *ex parte* Motion to Amend Scheduling Order. (*Id*. at 4.)

## III. LEGAL STANDARD

Pursuant to 28 U.S.C § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Thus, a federal judge should disqualify herself, "if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Sakellar v. Lockheed Missiles and Space Co*., 765 F.2d 1453, 1457 (9th Cir.1985). "Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011) (quoting *Torres v. Chrysler Fin. Co.*, No. C 07–00915 JW, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007)). Moreover, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972).

## IV. DISCUSSION

The Court strives to address motions and manage its docket in such a way that each litigant feels heard and is left with confidence in the impartiality of the Court. Unfortunately, in this matter, Plaintiff was left feeling like his motions had not been given fair, timely consideration. The Court has given serious consideration to Plaintiff's concerns and addresses them here.

First, Plaintiff's complaint that the Court erroneously stated that Plaintiff "indicated that he will use AI to assist him in this case" is not a basis for recusal in this matter. This is a semantic argument. Plaintiff does not deny his intent to use AI in this matter but asserts he "has made no such representation in that filing [ECF No. 51] or at any time prior to the

Court's April 2, 2026, Order." (ECF No. 107 at 3.) Regardless of whether Plaintiff made this *express* statement, he has repeatedly "indicated" that he will use AI, which is the language used by the Court in the Protective Order. Plaintiff so indicated at the January 21, 2026, informal conference by arguing against the inclusion of language in the protective order that would limit which AI platforms he could upload confidential discovery into. He has since repeatedly and clearly indicated his intent to use AI, such as when he stated, "The Protective Order's AI restrictions impose immediate and ongoing prejudice on Plaintiff's ability to review discovery, prepare for depositions, and litigate this case effectively as a pro se party" (ECF 71 at 1); and when he added, "The AI restrictions prevent Plaintiff from using common lawful tools for summarizing and organizing discovery, impose burdens not justified by the nature of the materials, hinder Plaintiff's ability to prepare for depositions and motion practice, and disproportionately impact a pro se litigant with limited resources. This prejudice is immediate and ongoing" (*Id*. at 2). (*See also*, ECF No. 70 at 2 ("[The AI restrictions in the protective order] disproportionately burden a pro se litigant by restricting access to widely used tools for summarization, organization, and analysis."))

Furthermore, even if this language in the Court's protective order were fairly characterized as a misattribution, it was neither an unfair nor an intentional one. The Court cannot conclude that "a reasonable person with full knowledge of the facts" would question the Court's impartiality due to the inclusion of this language in the protective order. *See Sakellar*, 765 F.2d at 1457.

Second, the order in which the Court ruled on the Parties' respective motions does not reflect "disparate treatment" as Plaintiff contends. As a preliminary matter, the Court's handling of the motions in this case does not differ from the Court's handling of motions in all other cases before it. "[A] district court possesses the inherent power to control its docket and promote efficient use of judicial resources." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *Hopotowit v. Spellman*, 753 F.2d 779, 782 (9th Cir. 1985) (noting that when multiple "motions are presented to a court, [the court] has discretion to decide the order in which it [will] consider and decide

them”). The Court strives to rule quickly on straightforward, procedural motions such as **Defendant’s** *ex parte* Motion to Amend Scheduling Order (ECF Nos. 96, 97), **Plaintiff’s** Motion for Short Stay of May 21, 2026, Deadline (ECF Nos. 91, 94), and **Plaintiff’s** *Ex Parte* Application to Continue Discovery Conference and Request to Expand Conference Agenda (ECF Nos. 105, 108). Moreover, the Court, in its discretion, prioritizes motions impacting imminent deadlines or the parties’ ability to efficiently proceed with litigation. Indeed, the Court issued rulings on each of these three motions within days of the motions being filed, regardless of whether they were filed by Plaintiff or Defendant.

However, the Court’s ability to rule as quickly on more substantive motions is limited by the volume of cases before the Court and the number of motions filed by the parties. Currently, this Court has more than 300 open cases. In the present action, Plaintiff has filed more than forty unique motions, oppositions, objections, requests, proposals, and supplemental documents that require the Court’s attention. Many of these filings wholly or partially duplicate requests for relief made in other filings. This volume of filings directly and negatively impacts the Court’s ability to efficiently and quickly rule, not only on these pleadings, but on motions in the Court’s other cases.

Following the Notice of Settlement, the Court stayed all pending motions at the Parties’ request, including the very motions Plaintiff raises in his Motion for Recusal. (ECF No. 98.) Within one week of being informed of the revocation of settlement, the Court issued orders on Plaintiff’s stayed motions (ECF Nos. 68 and 75) and his Motion for Prompt Resolution (ECF No. 90).[2] (ECF No. 110.) Notably, the Court did so before ruling on Defendant’s pending Motions to Compel. (ECF Nos. 73, 74.) In sum, the timing of the Court’s rulings belies Plaintiff’s allegations of differential treatment.

Finally, the Court’s holding of the Discovery Conference to address Defendant’s Discovery Statement was consistent with the procedures set forth in Judge Burkhardt’s

---

[2] This order addressed, *inter alia*, Plaintiff’s motions related to the deposition of Mr. Hill.

Civil Chambers Rules. Section V of Judge Burkhardt's Civil Chambers Rules requires the parties—before filing a discovery motion—to meet and confer regarding the discovery disputes, then lodge a Joint Discovery Statement with the Court if the parties cannot resolve the dispute. The Court then sets an informal Discovery Conference. Defendant has followed these procedures; Plaintiff has not. [3]

Concerning the most recent discovery dispute referenced in ECF No. 95, Defendant attempted to meet and confer with Plaintiff. Unable to resolve the dispute, Defendant then lodged a Discovery Statement with the Court as Plaintiff declined to participate in a Joint Discovery Statement. In accordance with Judge Burkhardt's Civil Chambers Rules, the Court then set a Discovery Conference to address the issues raised in Defendant's Discovery Statement.[4] (ECF No. 95.) In contrast, Plaintiff has repeatedly disregarded the Court's procedures for raising and informally addressing discovery disputes, opting instead to file his disputes as formal motions. (*See* ECF No. 110 at 3–4.) Despite Plaintiff's noncompliance, the Court has mostly refrained from denying these motions without prejudice based on these procedural violations. Plaintiff's decision to file his discovery disputes as formal motions does, however, place them on a different track than matters that are on the informal resolution track.

In brief, the Court set an informal Discovery Conference to discuss the issues raised by Defendant because it is the Court's established procedure to do so. Contrary to Plaintiff's contention, this Court is not obligated to abandon its protocols for handling discovery disputes and give priority to Plaintiff's motions. *See Dependable Highway*

---

[3] All parties are expected to read and comply with the assigned judges' chambers' rules. In this case, Plaintiff previously had his motions to compel denied without prejudice for failure to comply Section V of this Court's Civil Chambers Rules. (ECF No. 56.)

[4] The Court vacated the Discovery Conference following the Parties' settlement agreement. (ECF No. 99.) The Court then rescheduled the Discovery Conference after settlement was revoked—a rescheduling the Parties jointly requested in their Joint Notice of Settlement (ECF No. 98 at 2). (ECF No. 104.)

*Express, Inc.*, 498 F.3d at 1066 ("[A] district court possesses the inherent power to control its docket and promote efficient use of judicial resources."). The Court's adherence to its established protocols would not cause a reasonable person to question the Court's impartiality.

**V. CONCLUSION**

The Court recognizes Plaintiff's concerns and the bases for those concerns. However, the Court has an obligation to "sit where not disqualified." And nothing about the Court's handling of the Parties' several filings—taken individually or cumulatively—would lead a reasonable person to question the Court's impartiality.

For the reasons set forth above, Plaintiff's Motion for Recusal is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 31, 2026

Hon. Jill L. Burkhardt
United States Magistrate Judge